UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMMY JOSEPH HALL,

                            Petitioner,

v.

NOAH NAGY,

                            Respondent.

_____/

Case No. 2:21-cv-11258

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER
GRANTING MOTION TO DISMISS [8],
DENYING CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Sammy Joseph Hall filed a petition for a writ of habeas corpus under

28 U.S.C. § 2244 on May 19, 2021.[1] ECF 1. Respondent Noah Nagy moved to dismiss

the petition as untimely. ECF 8. Because Petitioner is in prison, the Court need not

hold a hearing. E.D. Mich. L.R. 7.1(f)(1). For the following reasons, the Court will

grant the motion to dismiss.

**BACKGROUND**

In March 2016, Petitioner was convicted of first-degree premeditated murder

and possessing a firearm during the commission of a felony. ECF 1, PgID 1. The

Michigan Court of Appeals later affirmed the convictions. *People v. Hall*, No. 332598,

---

[1] Under the prisoner mailbox rule, a document is considered filed on the date signed.
*Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (collecting cases). The petition was
signed on May 19, 2021. ECF 1, PgID 8.

2017 WL 4518901 (Oct. 10, 2017). On May 1, 2018, the Michigan Supreme Court denied leave to appeal. *People v. Hall*, 501 Mich. 1061.

Petitioner did not seek a writ of certiorari from the United States Supreme Court. ECF 1, PgID 2. On February 7, 2019, however, he moved for relief from judgment. ECF 9-10, PgID 858. The trial court denied the motion, ECF 9-11, PgID 859, and the Michigan Court of Appeals denied leave to appeal, ECF 9-14, PgID 980. On September 29, 2020, the Michigan Supreme Court also denied leave to appeal. *People v. Hall*, 506 Mich. 919. On May 19, 2021, Petitioner filed the petition for a writ of habeas corpus under 28 U.S.C. § 2244. ECF 1, PgID 8.

## LEGAL STANDARD

Under 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner must file a habeas petition no later than one year after the latest of the following four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2

Under § 2244(d)(1)(A), "direct review" concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). For petitioners who fail to seek direct review in the Supreme Court, the judgment becomes final once the time for seeking direct review expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

## DISCUSSION

The petition does not rely on a newly recognized constitutional right or a new factual predicate. *See* ECF 1, PgID 16–21, 39. Nor does the petition assert that the State impeded a timely petition. *See id.* Thus, Petitioner's conviction became final at the end of direct review. *See* § 2244(d)(1)(A).

Petitioner's convictions became final on July 31, 2018, because that was the ninety-day deadline for seeking a writ of certiorari in the United States Supreme Court on direct review. *See Jimenez*, 555 U.S. at 119 (explaining that a conviction is final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. Ct. R. 13(1). The limitations period began to run a day later. *See* Fed. R. Civ. P. 6(a)(1)(A); *Miller v. Collins*, 305 F.3d 491, 495 n.4 (6th Cir. 2002). It ran uninterrupted until February 7, 2019, when Petitioner moved for relief from judgment. ECF 9-10, PgID 858. By then, 190 days of the one-year limitations period had run.

The limitations period was tolled from February 7, 2019, until September 29, 2020—the date that the Michigan Supreme Court resolved the post-conviction motion. Petitioner failed to acknowledge that the limitations period was not tolled

3

during the time that he could have appealed to the United States Supreme Court after state collateral review. *Lawrence*, 549 U.S. at 329, 332; *see* ECF 1, PgID 37. But he maintains that he had one year from September 29, 2020 to file his habeas petition. ECF 1, PgID 37.

Petitioner also fails to acknowledge that the limitations period ran 190 days before he moved for relief from judgment. *See* ECF 1, PgID 37. The motion for relief from judgment did not revive or restart the limitations period. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not, however, revive the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.") (internal quotation marks and quotation omitted); *see also McSwain v. Davis*, 287 F. App'x 450, 454 (6th Cir. 2008) ("A state petition for post-conviction review tolls, but does not restart AEDPA's one-year statute of limitations.") (citation omitted). Thus, Petitioner had 175 days from September 29, 2020, when the Michigan Supreme Court denied leave to appeal on collateral review—that is, until March 23, 2021—to file the habeas petition. ECF 9-15, PgID 1039 (Michigan Supreme Court denial of leave to appeal). Because he did not file the petition until May 19, 2021, it is untimely.

That said, the one-year statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (collecting cases). A habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented him from timely filing the habeas petition. *Id.* at 649 (cleaned

up). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010) (citation omitted). A habeas petitioner bears the burden to show entitlement to tolling of the limitations period. *Id.* (citation omitted). But Petitioner has no right to equitable tolling because he failed to argue or show that some extraordinary circumstance prevented him from timely petitioning. ECF 1; *see Giles v. Wolfenbarger*, 239 F. App'x 145, 147 (6th Cir. 2007).

The Court may also equitably toll the one-year limitations period based on a credible showing of actual innocence under the standard in *Schlup v. Delo*, 513 U.S. 298 (1995). *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). For an actual innocence exception to be credible under *Schlup*, a petitioner must support his allegations of constitutional error "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner's case falls outside the actual innocence tolling exception, because he does not claim to be innocent. ECF 1; *see McQuiggin*, 569 U.S. at 394.

In all, the habeas petition is untimely, and Petitioner failed to show that the limitations period should be equitably tolled or that he is actually innocent. The Court will therefore grant the motion to dismiss.

To appeal the Court's decision, Petitioner must obtain a certificate of appealability. To obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Thus, Petitioner must show that reasonable jurists could debate whether the Court should have resolved the petition in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Jurists of reason would not debate the Court's denial of the petition. The Court will therefore deny a certificate of appealability.

Last, the Court will deny Petitioner leave to appeal in forma pauperis because he cannot take an appeal in good faith. *See* Fed. R. App. P. 24(a).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion to dismiss [8] is **GRANTED**. The petition for a writ of habeas corpus [1] is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to appeal in forma pauperis is **DENIED**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 12, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 12, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager

6